872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lucious Hilton WINSLOW, Jr., Petitioner-Appellant,
v.
David A. GARRAGHTY, Respondent-Appellee.
 No. 88-7652.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1989.
Decided March 16, 1989.
 
 Lucious Hilton Winslow, Jr., appellant pro se.
 Linwood Theodore Wells, Jr., Office of the Attorney General of Virginia, for appellee.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lucious Winslow noted this appeal outside the 30-day appeal period established by Fed.R.App. 4(a)(1), and failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5). The time periods established by Fed.R.App. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Winslow's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case.* We therefore deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 2
 DISMISSED.
 
 
 
 *
 We note that the pleading styled "Motion to File a Belated Appeal to Magistrate's Report and Recommendation," which the district court treated as a notice of appeal, could also be construed as a timely Fed.R.Civ.P. 60(b) motion seeking relief from the court's judgment. In entering judgment, the district court stated that de novo review of Winslow's objections to the magistrate's report was unnecessary because Winslow's objections were not received until January 11, 1988, more than 10 days after December 23, 1987, when Winslow claimed to have received the report. In seeking relief from this judgment, Winslow stated that he placed his objections in the prison mail on December 24, 1987, one day after receiving the report. Cf. Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428) (prisoner's notice of appeal is filed when delivered to prison officials for mailing). When this case is returned to the district court, that court may consider whether Winslow is entitled to the alternative relief requested in his post-judgment pleading--reopening of the case under Fed.R.Civ.P. 60(b)